DeGrasse, J.
(concurring). This appeal is from an order denying a dispositive motion by defendants Goldman Sachs Group, Inc., Goldman Sachs & Co., Goldman Sachs International, and Goldman Sachs & Partners Australia Pty. Ltd. (collectively referred to as Goldman). As relevant to this appeal, the motion was for an order compelling arbitration, or, in the alternative, dismissing the claims for fraud, negligent misrepresentation and unjust enrichment for failure to state a cause of action (CPLR 3211 [a] [7]). Although I have no quarrel with the result reached by the majority, I write separately primarily because, for reasons discussed later in this writing, the majority opinion employs an inapt analysis in its discussion of the facial sufficiency of the fraud cause of action.
Plaintiff, Basis Yield Alpha Fund (Master) (BYAFM), alleges *142 that it was defrauded by Goldman’s materially false statements and omissions in connection with an April 17, 2007 sale of a security issued by a collateralized debt obligation (CDO) known as Point Pleasant 2007-1, Ltd. as well as BYAFM’s June 13, 2007 entry into two credit default swaps that referenced securities from a similar CDO known as Timberwolf 2007-1, Ltd. BYAFM claims to have lost approximately $10 million in the Point Pleasant transaction and $56 million in the Timberwolf credit default swaps as a result of Goldman’s conduct.
Preliminarily, I agree that the motion court properly denied the application to compel arbitration pursuant to CPLR 7501. For reasons outlined by the majority, the record supports the conclusion that there was no written agreement to arbitrate within the contemplation of CPLR 7501. Goldman, as the party seeking arbitration, has the burden of establishing an agreement to arbitrate (see e.g. Matter of Siegel v 141 Bowery Corp., 51 AD2d 209, 212 [1st Dept 1976]). As BYAFM argues, Goldman fails to lay a foundation for the “General Terms and Conditions” (GTC), the document which it proffered as an agreement to arbitrate. Goldman submitted the GTC as an exhibit to the affirmation of its counsel who did not claim to have personal knowledge of the document, its source or its significance. Nor was the GTC qualified as a business record. As such, there is no evidentiary foundation for the GTC and, for that matter, any of the documents submitted in support of Goldman’s motion. Therefore, the unsworn documents proffered by Goldman have no probative value given the absence of such an evidentiary foundation (cf. J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc., 64 AD3d 1206 [4th Dept 2009]). Goldman correctly cites Olan v Farrell Lines (64 NY2d 1092 [1985]), for the proposition that an attorney’s affidavit may be used as a vehicle for submitting evidence. Such evidence, however, must be in admissible form (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). For example, the proof found sufficient in Olan consisted of “evidentiary proof in admissible form” that happened to be “placed before the court by way of an attorney’s affidavit” (Olan, 64 NY2d at 1093). Contrary to Goldman’s argument, a document lacking evidentiary foundation does not become admissible by mere attachment to an attorney’s affirmation. Although the majority finds “a substantial question as to whether the parties agreed to arbitrate,” I would go further by saying that Goldman failed to make a prima facie showing on this issue on the basis of the lack of an evidentiary foundation for the GTC.
*143 I now turn to the motion to dismiss the fraud claim for failure to state a cause of action. In sustaining the complaint, the court held as follows:
“There are two categories of representations at issue: representations of fact and expressions of opinion. The representations of fact include Goldman’s representations to BYAFM about its internal marks, the manner in which the reference securities were selected, and Goldman’s position as a real counterparty. BYAFM has properly pled all elements of fraud as to these representations with substantial detail.” (37 Misc 3d 1212[A], 2012 NY Slip Op 52000[U], *7 [2012].)
The thrust of Goldman’s argument regarding the sufficiency of the fraud claim is based on our holding in HSH Nordbank AG v UBS AG (95 AD3d 185 [1st Dept 2012]), a case cited or referenced 68 times in the briefs before us. In its opening brief, Goldman argues:
“In HSH Nordbank, this Court, addressing substantively identical allegations, held that a CDO investor failed to state a claim because reasonable reliance was precluded as a matter of law by substantially identical express disclaimers of reliance and disclosures in the offering materials. The trial court erred in failing to follow this binding precedent.” (Emphasis added.)
The disclaimers and disclosures referred to by Goldman are set forth in offering circulars that it claims were issued to BYAFM.
In HSH, we dismissed a fraud cause of action pursuant to CPLR 3211 (a) (1) and (7), citing undisputed documentary evidence that the plaintiff in that case did not rely on the defendant’s advice, assented to inherent conflicts of interest and was warned of risks in the underlying transaction (HSH, 95 AD3d at 188). It should be noted that HSH involved a motion to dismiss the complaint on the basis of a defense founded upon documentary evidence (CPLR 3211 [a] [1]) and for failure to state a cause of action (CPLR 3211 [a] [7]; HSH, 95 AD3d at 192). In this case, Goldman’s motion was made under CPLR 3211 (a) (7) only. The difference is significant and should be dis-positive of Goldman’s challenge to the fraud causes of action.
CPLR 3211 (a) (1) may be invoked where it is claimed that “documentary evidence utterly refutes plaintiffs factual allegations, conclusively establishing a defense as a matter of law” *144 (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002] [citation omitted]). On the other hand, as recently stated by the Court of Appeals, a motion under CPLR 3211 (a) (7) “limits us to an examination of the pleadings to determine whether they state a cause of action” (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013], citing Rovello v Orofino Realty Co., 40 NY2d 633 [1976]). Therefore, contrary to what the majority holds today, the disclaimers and disclosures in the offering circulars and other documents Goldman relies upon are of no moment for purposes of this CPLR 3211 (a) (7) motion. As BYAFM aptly argued below, there was no basis for the motion court to consider documents outside the complaint at this stage of the proceeding.
Contrary to what the Court held in Miglino, the majority posits that it “is not a completely accurate statement of the law” to say “that this Court is limited to the pleadings, when reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7).” The majority goes on to partially quote Rovello as saying that “evidence in an affidavit used by a defendant to attack the sufficiency of a pleading ‘will seldom if ever warrant the relief [the defendant] seeks unless [such evidence] establishes] conclusively that plaintiff has no cause of action’ ” (see Rovello, 40 NY2d at 636). It is unclear how this partial quotation supports the majority’s position. It does, however, distort what the Court of Appeals said in Rovello by conflating evidence with affidavits. To be precise, the Rovello Court said: “It seems that after the amendment of 1973 affidavits submitted by the defendant will seldom if ever warrant the relief he seeks unless too the affidavits establish conclusively that plaintiff has no cause of action” (id. [emphasis added]). Here, the majority overlooks the fact that affidavits and documentary evidence have two different roles for purposes of CPLR 3211 (a) motions (see Regini v Board of Mgrs. of Loft Space Condominium, 107 AD3d 496, 497 [1st Dept 2013]; Fontanetta v John Doe 1, 73 AD3d 78, 85 [2d Dept 2010]). As stated by the Court of Appeals:
“Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (see, e.g, Heaney v Purdy, 29 NY2d 157). In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in *145 the complaint (Rovello v Orfino Realty Co., supra, at 635)” (Leon v Martinez, 84 NY2d 83, 88 [1994]).*
The majority also sidesteps a threshold issue regarding the purported Timberwolf offering circular that it has decided to consider with respect to the instant CPLR 3211 (a) (7) motion. As stated in its brief, BYAFM categorically denies that it ever entered into any contract that references or incorporates the Timberwolf offering circular and it does not reference or rely upon the same in its complaint. Goldman, in no position to argue otherwise, does not touch upon BYAFM’s assertion in its reply brief. Like the GTC submitted in support of the motion to compel arbitration, the offering circular lacks an evidentiary foundation because it is merely annexed to counsel’s affirmation (cf. J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc., 64 AD3d at 1206). Nevertheless, without resolving the issue, the majority unnecessarily passes upon the legal effect of a document that lacks foundation in the record.
As the majority notes, BYAFM’s objection to the use of documentary evidence was waived because it was not set forth in its respondent’s brief. The discussion, however, does not end there. The issue is not beyond our review since it was briefed before the motion court.
“The fact that a party abandons or fails to urge a particular line of reasoning in support of its contention does not prevent an appellate court from sustaining such contention for that very reason. The appellate court is not required to reject a contention sound in its ultimate conclusion because the path followed in reaching it is different from the one marked out in the argument of counsel before it” (10A Carmody-Wait 2d § 70:490, citing Morris Plan Co. v Globe Indem. Co., 253 NY 496 [1930]).
*146 As we stated in Fenton v Consolidated Edison Co. of N.Y. (165 AD2d 121 [1st Dept 1991], lv denied 78 NY2d 856 [1991]), “[T]he fact that [the appellant] limited the scope of its appeal is of no moment since [the respondent] is entitled to have the determination affirmed on any ground he properly raised before the IAS court” (id. at 125). As BYAFM challenged Goldman’s use of purported documentary evidence below, our review is not circumscribed by the arguments made in its respondent’s brief. In this case, the better course would have been to disregard the proffered documentary evidence and construe CPLR 3211 (a) (7) as narrowly as the Court did in Miglino. This is especially true because no foundation for the Timberwolf offering circular has been established (see Miglino, 20 NY3d at 351).
In my view, the complaint is sufficient to withstand Goldman’s CPLR 3211 (a) (7) motion insofar as it alleges a scheme devised and executed for the specific purpose of defrauding BYAFM by selling the Point Pleasant security and the Timber-wolf credit default swaps for more than they were worth (see e.g. CPC Intl. v McKesson Corp., 70 NY2d 268, 286 [1987]). The fraud cause of action is also sustainable to the extent that it is alleged that Goldman falsely stated that it had only one mark (opinion of value) for each of its securities in response to BYAFM’s inquiry regarding same. Notwithstanding the arm’s length nature of the transactions described in the complaint, such a false representation is actionable since Goldman, having assumed to respond to BYAFM’s inquiry, was under a “duty ‘to speak fully and truthfully’ ” (see e.g. Atlantic Bank of N.Y. v Carnegie Hall Corp., 25 AD2d 301, 306 [1st Dept 1966]). I am in accord with the dismissal of the negligent misrepresentation, unjust enrichment and rescission causes of action for the reasons given by the majority.
Tom, J.P, Acosta and Richter, JJ., concur with Renwick, J.; DeGrasse, J., concurs in a separate opinion.
Order, Supreme Court, New York County, entered October 19, 2012, modified, on the law, to the extent of granting that part of the motion seeking to dismiss the causes of action for negligent misrepresentation, unjust enrichment and rescission, and otherwise affirmed, without costs.

 It is unfortunate for stare decisis that this distinction, articulated by the Court of Appeals, “makes no sense” to the majority. Moreover, the majority’s thesis that a CPLR 3211 (a) (7) motion may be supported by documentary evidence is unsupported, if not belied, by the cases it cites. For example, the underlying motion, like the motion in HSH, was made under CPLR 3211 (a) (1) as well as (a) (7) in Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP (109 AD3d 574 [2d Dept 2013]), Rabos v R&R Bagels & Bakery, Inc. (100 AD3d 849 [2d Dept 2012]) and Kliebert v McKoan (228 AD2d 232 [1st Dept 1996], lv denied 89 NY2d 802 [1996]). Board of Managers of Fairways at N. Hills Condominium v Fairways at N. Hills (150 AD2d 32 [2d Dept 1989]) involves a motion for summary judgment. The motion in Skill-games, LLC v Brody (1 AD3d 247 [1st Dept 2003]) was made on the basis of an affidavit as opposed to documentary evidence.